SIK GAEK, INC., Plaintiff–Appellant,

v.

YOGI'S II, INC. and Daniel Kim,

Defendants–Appellees.*

No. 14–3134–cv.

United States Court of Appeals, Second Circuit.

May 21, 2015.

Michael S. Kimm and Sung H. Jang, Kimm Law Firm, Englewood Cliffs, NJ, for Plaintiff–Appellant.

Daniel Kim, pro se, Haworth, NJ, for Defendant–Appellee Daniel Kim.

PRESENT: RALPH K. WINTER, CHESTER J. STRAUB, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Sik Gaek, Inc. ("Sik Gaek") appeals from a judgment of the District Court entered following the court's grant of summary judgment in favor of Defendant–Appellee Daniel Kim. The judgment referred to Kim as "the only Defendant in the action," "dismiss[ed] the complaint against Defendant Daniel Kim in its entirety," and closed the case. It is clear that the District Court considered its order as disposing of all claims by all parties and intended to take no further action. However, Sik Gaek sued not only Kim but also Yogi's II, Inc. ("Yogi's"). Yogi's never appeared but, apparently because of unresolved questions regarding the validity of service, the District Court denied Sik Gaek's motion for a default judgment against Yogi's and reserved decision on the claims against Yogi's. See Opinion and Order adopting Magistrate's Mar. 8, 2011 Report and Recommendation, *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10–cv–4077, 2011 WL 1457229 (E.D.N.Y. Apr. 13, 2011). There is no indication on the docket that Sik Gaek dismissed Yogi's voluntarily, see Fed.R.Civ.P. 41(a)(1), or that the District Court dismissed Yogi's by court order, see Fed.R.Civ.P. 41(a)(2), before the case was closed. So that the court may resolve the status of Yogi's as a party, we vacate the judgment insofar as it closed the case, and remand the cause to the District Court.

\*　　\*　　\*　　\*　　\*　　\*

The judgment of the District Court is **VACATED** in part and the cause is **REMANDED** for further proceedings.

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.